# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO FLORES-CASAS,<br><br>                              Petitioner,<br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>                             Respondent. | CASE NO. 07 CV 1023 JM/<br>06 CR 0141<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255** |

Petitioner, proceeding pro se, moves to reduce his sentence under 28 U.S.C. § 2255. He appears to argue that he deserves a sentence reduction due to his alien status and that his ineligibility for various Bureau of Prisons ("BOP") programs violates his rights under the Equal Protection Clause, Due Process Clause, and Equal Rights Act of 1964. The government opposes the motion. For the reasons set forth below, the court hereby denies the motion.

**I.     BACKGROUND**

Pursuant to a written plea agreement, Petitioner pleaded guilty in February 2006 to one count of importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. (Opp., Ex. B ("Plea Agreement") at 2, ¶ I.A.) The plea agreement provided that Petitioner would stipulate to an order of deportation in exchange for a downward sentencing departure. (Plea Agreement at 8, ¶ X.A.6, and 10, ¶ X.H.) The plea agreement also provided,

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and

sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this agreement at the time of sentencing.

(Plea Agreement at 10, ¶ XI.)

During the February 23, 2006 disposition hearing before Magistrate Judge Jan M. Adler, Petitioner indicated that he understood he was giving up his right to appeal and collaterally attack and that he otherwise understood the plea agreement in its entirety. (See, e.g., Opp., Ex. C ("Disposition Hearing") at 18-19.) Judge Adler found that Petitioner was competent to enter the plea and had entered into the plea agreement "freely and voluntarily . . . with an understanding, knowing and intelligent waiver of [his] rights." (Disposition Hearing at 22.) The government recommended a custodial sentence of 57 months. (Govt.'s Amended Sentencing Memo. (Docket no. 27) at 3.) On July 7, 2006, this court accepted Petitioner's guilty plea and sentenced Petitioner to 64 months in prison, followed by a five-year term of supervised release. (Minute Order of July 7, 2007 (Docket no. 30); Opp., Ex. D (Judgment).) This sentence did not exceed the applicable sentencing range of 57 to 71 months. (Govt.'s Amended Sentencing Memo. at 3.)

Petitioner filed the § 2255 motion on June 4, 2007. He appears to make two arguments in support of his motion, though he does not clearly delineate the two. First, in his introduction, he seems to argue that the court should grant him a downward departure because his status as a deportable alien renders him ineligible for "hous[ing] in [a] minimum security facility, or community [c]orrection center." (See § 2255 Mot. at 1.) Second, in the points and authorities section, he argues that his alien status makes him ineligible for a variety of BOP benefits. (See id. at 2.) These benefits allegedly include a "(1) year reduction of sentence through a drug program three months half-way house to prepare to re-assimilate, a Unicor job, with good wages and other benefits." (See id.)[1]

Petitioner offers scarce legal support for his arguments. He cites no sentencing statutes, though he does reference an "Attorney General Memorandum dated April 28[,] 1995," which purportedly allows the United States Attorney to offer a reduced sentence "if defendant accepts a final deportation

---

[1] Petitioner also states, "An alien is deprived of his benefits or privileges due to his or her status and find himself/herself committed to harsher time, or sentence due to his/her status in the United States of America." (§ 2255 Mot. at 2.) Viewed generously, it is possible to construe this as a summary of the two bases for his motion.

order." (See id. at 1.) In the points and authorities section, Petitioner simply lists three federal constitutional and statutory rights: the Fourteenth Amendment's Equal Protection Clause, the Fifth Amendment's Due Process Clause, and the Equal Rights Act of 1964.

Respondent opposes the § 2255 motion on the following three grounds: (1) Petitioner waived his right to collaterally attack his sentence and conviction; (2) even if Petitioner did not bargain away his right to appeal or collaterally attack, he cannot collaterally attack his sentence because he failed to raise these issues on direct appeal; and (3) Petitioner's Equal Protection argument fails on the merits. (Opp. at 2.) In passing, Respondent also questions the propriety of challenging the BOP's denial of benefits under § 2255, rather than 28 U.S.C. § 2241. (See id. at 4.)

## II. DISCUSSION

Respondent argues that Petitioner cannot collaterally attack his sentence because he waived his right to do so in his plea agreement. Petitioner's § 2255 motion does not address this issue.

Section 2255 provides, in relevant part,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The knowing and voluntary waiver of a defendant's statutory right to challenge a sentence under § 2255 is enforceable. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (waiver foreclosed challenge to sentence length); see also United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) (plea agreement must explicitly waive right to bring 2255 motion). The Ninth Circuit has indicated that exceptions to this rule may exist in limited circumstances, including where a § 2255 petition challenges a plea agreement's validity by way of an ineffective assistance of counsel or involuntariness claim. See, e.g., Washington v. Lampert, 422 F.3d 864, 870-71 (9th Cir. 2005); United States v. Jeronimo, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005).

Although the plea agreement here does not specifically mention § 2255, see Pruitt, 32 F.3d at 433, its language clearly embraces a waiver of any collateral attack on Petitioner's sentence, including

a § 2255 motion. See United States v. Schuman, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam) (defendant waived statutory right to appeal incorrect application of Sentencing Guidelines even though plea agreement did not specifically mention this right; to find otherwise "would render the waiver meaningless"). Furthermore, Petitioner does not argue that he received ineffective assistance of counsel or that he waived his § 2255 rights involuntarily. Cf. Washington, 422 F.3d at 870-71. The record suggests that his waiver was knowing and voluntary. The court therefore finds that Petitioner's waiver is enforceable.[2]

Because Petitioner waived his right to collaterally challenge his sentence, the court lacks jurisdiction over the petition. See Washington, 422 F.3d at 871. Accordingly, the court hereby DENIES the motion with prejudice.

**IT IS SO ORDERED.**

**DATED:** November 2, 2007

_____
**Hon. Jeffrey T. Miller**
**United States District Judge**

CC:        All parties

---

[2] Even if Petitioner had not waived his right to collaterally attack his sentence, the § 2255 motion would fail on the merits. The Ninth Circuit has rejected the argument that a drug defendant's deportable alien status entitles him to an automatic downward departure due to his ineligibility for community confinement or minimum security imprisonment. See United States v. Charry Cubillos, 912 F.3d 1342, 1345 (9th Cir. 1996) (where applicable guidelines do not take into account deportable alien status, district court has discretion to depart downward due to deportable alien status only after determining that this factor takes case out of "'heartland'" of Sentencing Guidelines) (quoting Koon v. United States, 518 U.S. 81, 96 (1996)); see also, e.g., United States v. Davoudi, 172 F.3d 1130, 1133-34 (9th Cir. 1999); United States v. Martinez-Ramos, 184 F.3d 1055, 1058 (9th Cir. 1999).